*410
 
 Rtjffin, C. J.
 

 Without considering what interest a purchaser of the lessor’s reversion at Sheriffs sale could acquire in this rent, or whether, if he got any, he could act on it before he toojj a ¿ee(j from Sheriff, the Court is of opinion, that this action must fail, for the want of property in the plaintiff. The case of
 
 Deaver
 
 v.
 
 Rice,
 
 4 Dev. & Bat. 431, is decisive upon the question. The estate in the land during the term was in the lessee, and the property of the crop growing on it was therefore exclusively in him. The contract on his part to pay the
 
 landlord
 
 one-third of the crop, as the rent, was merely an executory contract; and, notwithstandingsuch contract, the whole crop might be disposed of to another person by the lessee, or be sold on execution against the lessee. Consequently it could not be sold as the property of the lessor ; and the present plaintiff acquired, under his purchase, no interest in the thing and cannot maintain the action of trover. If the act of 1840, ch. 37, which exempts the share of the crop, to be given for rent, from execution against the lessee, until the end of the year, could affect this question, it is to be remarked, that, in this case, it cannot, in as much as this transaction occurred the year preceding the enactment of the statute.
 

 Per Curiam, Judgment affirmed,